# EXHIBIT A

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| KAL Wine Source SAS | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 1:23:03678 |
| Sherry-Lehmann, Inc., | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Sherry-Lehmann, Inc.
505 Park Ave, New York, NY 10022

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

David Trachtenberg, Esq.
TRACHTENBERG & ARENA, LLP
420 Lexington Avenue, Ste 2818
New York, New York 10170

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 5/3/2023

/s/ J. Gonzalez

*Signature of Clerk or Deputy Clerk*



AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____                              _____
                                                   *Server's signature*

                                                   _____
                                                   *Printed name and title*

                                                   _____
                                                   *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
KAL Wine Source SAS,  :

                Plaintiff,  :    23 Civ. 1:23-CV-03678

v.  :

                     :    COMPLAINT

Sherry-Lehmann, Inc.,  :

                Defendant.  :
------------------------------------------------------x

Plaintiff, KAL Wine Source SAS, as and for its complaint against defendant, Sherry-Lehmann, Inc., by and through its undersigned attorneys, alleges as follows:

1. Plaintiff, KAL Wine Source SAS ("KAL"), brings this action against defendant, Sherry-Lehmann, Inc. ("Sherry-Lehmann"), to recover over $250,000 in damages caused by Sherry-Lehmann's failure to deliver wine that KAL paid for months ago.

Parties, Jurisdiction, and Venue

2. KAL is a company organized under French law as a "Société par actions simplifiée," or "SAS." Its principal place of business is in Bordeaux, France.

3. Sherry-Lehmann is a New York corporation having its principal of business on Park Avenue, New York, New York.

4. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332 because (a) Plaintiff is a citizen of France, (b) Sherry-Lehmann is a citizen of New York, and (c) the amount in controversy exclusive of interest and costs exceeds $75,000.

5. Venue in this district is proper pursuant to 28 U.S.C. §1391 because (a) the defendant resides in this district and/or (b) a substantial part of the events or omissions giving rise to the claim occurred in this district.

First Claim for Relief
(Breach of Contract)

6. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 5 above as if set forth verbatim.

7. In August 2022, KAL placed with Sherry-Lehmann, and Sherry-Lehmann accepted, several orders (the "Orders") for cases and bottles of high-end wines (the "Purchased Wine"), with purchase prices aggregating over $300,000, which Sherry-Lehmann denominated as follows:

> Order No. 7684097 - $53,400
> Order No. 7684099 - $201,000
> Order No. 7685697 - $52,800

8. Sherry-Lehmann discounted the purchase price for these Orders by issuing corresponding credit memos in the aggregate amount of $55,296, which it denominated as follows:

> Credit Memo 7684111 - $45,792
>
> Credit Memo 7685743 - $9,504

9. Accordingly, pursuant to the Orders and corresponding credit memos, KAL promised to pay Sherry-Lehmann the net purchase price of $251,904, and Sherry-Lehmann promised to deliver the Purchased Wine by no later than November 15, 2022.

10. During or about August 2022, KAL paid Sherry-Lehmann the full discounted purchase price, in the amount of $251,904.

11. Sherry-Lehmann failed to deliver the Purchased Wine by November 15, 2022 and that failure has continued to date despite repeated demands.

12. Sherry-Lehmann has admitted that it does not possess the Purchased Wine and is not in a position to deliver it despite having contracted to do so by no later than November 15, 2022.

13. Sherry-Lehmann then promised to refund KAL's payment, but has failed to do that as well.

14. Sherry-Lehmann has breached its contract with the Plaintiff, and should be adjudged liable to Plaintiff for the resulting damages in the amount of $251,904, together with interest and costs.

### Second Claim for Relief
(Unjust Enrichment)

15. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 14 above as if set forth verbatim.

16. Sherry-Lehmann has been enriched by KAL's payment to it of $251,904.

17. Sherry-Lehmann's enrichment was at KAL's expense insofar as KAL did not receive the Purchased Wine for which Sherry-Lehmann received the payment.

18. It is against equity and good conscience to permit Sherry-Lehmann to retain the funds paid by KAL.

WHEREFORE Plaintiff demands judgment in its favor, and against Defendant adjudging Defendant liable to Plaintiff in the amount of $251,904, together with interest and costs, together with such other and further relief as the Court deems proper.

Dated: New York, New York  
May 2, 2023

TRACHTENBERG & ARENA, LLP  
Attorneys for Plaintiff

By: _____  
David G. Trachtenberg (0675)  
dtrachtenberg@talaw.law  
420 Lexington Avenue, Ste 2818  
New York, New York 10170  
(212) 972-1375