UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

KAL Wine Source SAS,

                Plaintiff,

        v.                                              Civ. 1:23-cv-03678-LJL

Sherry-Lehmann, Inc.,                       Motion Sequence No. 001

                Defendant.
-------------------------------------------------------------------- x

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A DEFAULT JUDGMENT

Dated: June 16, 2023

TRACHTENBERG & ARENA, LLP
420 Lexington Avenue, Suite 2818
New York, New York 10170
(212) 972-1375

*Attorneys for Plaintiff*
*KAL Wine Source SAS*

## PRELIMINARY STATEMENT

Plaintiff KAL Wine Source SAS ("KAL"), respectfully submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b), for an order granting Plaintiff KAL judgment by default against Defendant Sherry-Lehmann, Inc. ("Sherry-Lehmann"), together with such other, further and different relief as may be just and proper.

## BACKGROUND

The relevant facts are set forth in the Declaration of David G. Trachtenberg, Esq. dated June 16, 2023 (the "Trachtenberg Decl."). In short, Plaintiff initiated this action by filing the Complaint on May 2, 2023 to recover damages caused by Defendant Sherry-Lehmann's failure to deliver wine that KAL had paid for months earlier. The Complaint was properly served on Defendant Sherry-Lehmann on May 9, 2023. The time for Defendant Sherry-Lehmann to answer or move with respect to the Complaint has expired. Defendant Sherry-Lehmann has not answered or otherwise moved with respect to the Complaint, and the time for Defendant Sherry-Lehmann to answer or otherwise move has not been extended. *See* Trachtenberg Decl., ¶¶ 2-6.

## ARGUMENT

### I.   APPLICABLE DEFAULT JUDGMENT REQUIREMENTS

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the issuance of a default judgment requires a two step process. First, under Rule 55(a), the Clerk of Court issues a certificate of default when a party fails to "plead or otherwise defend" itself in a timely manner. *See* Fed.R.Civ.P. 55(a). Second, under Rule 55(b), the party seeking judgment by default may make an application to the Court for the entry of a default judgment. *See* Fed.R.Civ.P. 55(b);

*Holt v Animation Collective, Inc.*, 13 CIV. 2552 (KBF), 2014 WL 1413548, at *2 (S.D.N.Y. Apr. 10, 2014).

### A. Certificate of Default Against Sherry-Lehmann Issued June 15, 2023

Defendant Sherry-Lehman has failed to defend this matter. On June 14, 2023, Plaintiff KAL requested that the Clerk of Court issue a Certificate of Default against Defendant Sherry-Lehmann. (ECF Dkt. No. 8). On June 15, 2023, the Clerk of Court issued a Certificate of Default against Sherry-Lehman. (ECF Dkt. No. 9). Therefore, KAL has satisfied the threshold requirement of obtaining a Certificate of Default prior to filing the instant motion.

### B. Default Judgment Standard

Next, the Court must determine that plaintiff has adequately pleaded the elements of the causes of action for which it seeks a default judgment. *Holt*, 2014 WL 1413548, at *2, *see also Young-Flynn v. Wright*, No. 05 Civ. 1488, 2007 WL 241332, at *24 (S.D.N.Y. Jan. 26, 2007).

As set forth below, Plaintiff has satisfied the requirements for this Court to enter a default judgment against Defendant.

## II. PLAINTIFF HAS ADEQUATELY PLEADED ITS CAUSES OF ACTION

The Complaint herein contains two causes of action, breach of contract and unjust enrichment. Both flow from Defendant Sherry-Lehman's failure to deliver wine that was purchased and paid for by Plaintiff KAL.

To state a claim for breach of contract under New York law, plaintiff must allege: (1) the existence of an agreement, (2) adequate performance of the contract by plaintiff, (3) breach of contract by the defendant, and (4) damages. *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (internal quotation marks and citation omitted); *IBM v. Smadi*, 2015 WL 862212 (S.D.N.Y. 2015). To state a claim for unjust

enrichment, plaintiff must allege: (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover. *See Schatzki v Weiser Capital Mgt., LLC*, 995 F. Supp. 2d 251, 252 (S.D.N.Y. 2014), *affd sub nom. BPP Wealth, Inc. v Weiser Capital Mgt., LLC*, 623 Fed. Appx. 7 (2d Cir 2015).

The Complaint specifically alleges Defendant Sherry-Lehman's agreement to sell wine to Plaintiff KAL, KAL's payment of the purchase price, Sherry-Lehmann's failure to honor the agreement and to deliver the wine and the $251,904 in damages incurred by KAL as a result of Sherry-Lehmann's breach. The complaint further alleges that Defendant was unjustly enriched by Plaintiff's $251,904 payment and that equity and good conscience militate against permitting Defendant to retain Plaintiff's $251,904 payment without delivering the wine. *See* Trachtenberg Decl., Exhibit A (the "Complaint"), ¶¶ 6-18.

## III.  INQUEST IS NOT NECESSARY TO DETERMINE PLAINTIFF'S DAMAGES

In light of the detailed documentation set forth in the Trachtenberg Declaration, KAL submits that an inquest is not necessary for the Court to award damages.

It is well settled in this District that, after a default judgment, an inquest as to damages is unnecessary where "extensive documentary evidence" is available. *Herrara v 12 Water St. Gourmet Cafe, Ltd.*, 13-CV-4370 (JMF)(RLE), 2016 WL 1274944, at *4 (S.D.N.Y. Feb. 29, 2016), *report and recommendation adopted*, 13-CV-4370 (JMF), 2016 WL 1268266 (S.D.N.Y. Mar. 31, 2016) (Plaintiffs submitted sufficient documentary evidence to allow for a computation of damages); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping; Corp. Div of Ace Young Inc.*, 109 F.3d 105 (2d Cir. 1997) (inquest unnecessary, as long as District Court ensured there

was a basis for the damages specified in the default judgment); *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir.1993).

Plaintiff has submited sufficient documentary evidence to allow for a computation of damages flowing from Defendant's breach and unjust enrichment as a result of Plaintiff's purchase of such wine at a cost of of $251,904 and Defendant's failure to deliver such wine. Furthermore, in accordance with Rule 54(c), Plaintiff does not request damages outside of those clearly set forth in its Complaint.

Therefore, an inquest is not necessary for the Court to award damages, and KAL respectfully requests that this Court issue a default judgment against Defendant Sherry-Lehmann in the amount of $251,904 with interest and costs, together with such other and further relief as the Court deems just and and proper.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant KAL's motion for a default judgment against Defendant Sherry-Lehman, together with such other, further and different relief as the Court deems just and proper.

Dated: New York, New York
June 16, 2023

                            Respectfully submitted,

                            TRACHTENBERG & ARENA, LLP
                            *Attorneys for Plaintiff KAL Wine Source SAS*

By: _____
                            David G. Trachtenberg (0675)
                            dtrachtenberg@talaw.law
                            420 Lexington Avenue, Ste 2818
                            New York, New York 10170
                            (212) 972-1375